```
               IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA

SHELA GAYLE MCKANE,           )
                              )
          Plaintiff,          )
                              )
v.                            )     Case No. CIV-13-177-JHP-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
          Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Shela Gayle McKane (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 11, 1973 and was 38 years old at the time of the ALJ's decision. Claimant completed her high school education and one year of college. Claimant worked in the past as a gaming clerk, housekeeper, inspector, factory worker, and picker. Claimant alleges an inability to work beginning August 2, 2009 due to manipulative limitations arising from severe burn injuries to her

3

left arm and hand, mental limitations associated with depression, anxiety, and bipolar disorder, and physical limitations caused by degenerative disc disease and a herniated disc in the spine.

**Procedural History**

On November 18, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 4, 2011, an administrative hearing was held before ALJ Larry D. Shepherd in Oklahoma City, Oklahoma. On July 13, 2011, the ALJ issued an unfavorable decision on Claimant's applications. On February 19, 2013, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to develop the record regarding Claimant's hand impairment and to link his RFC findings regarding Claimant's manipulative impairment to specific evidence; (2) finding Claimant retained the RFC to frequently handle and finger with her left arm and hand with no manipulative limitations; and (3) failing to properly consider the impact of Claimant's hand impairment on her ability to perform manipulative tasks.

**Duty to Develop the Record**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, status post back surgery, hypertension, residuals of burns to the left upper extremity, major depressive disorder, recurrent, moderate, a traumatic stress disorder, chronic, panic disorder without agoraphobia, in remission, and characteristics of borderline personality disorder, which singly or in combination were considered severe. (Tr. 61). The ALJ found Claimant retained the RFC to perform a sedentary work except that he was limited to occasional stooping, kneeling, crouching, crawling, balancing , and climbing of ramps and stairs, but no climbing of ladders, roads (?) and scaffolds. Claimant was also limited by the ALJ to only occasional reaching overhead and frequent handling and fingering

5

with her left upper extremity. Claimant was found to be able to understand, remember, and carry out simple, routine, and repetitive tasks and was able to respond appropriately to supervisors, co-workers, and usual work situations but should have no contact with the general public. (Tr. 69). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of touchup screener, addressor, and polisher which the expert found existed in sufficient numbers in the regional and national economies. (Tr. 74).

Claimant contends the ALJ failed to adequately address her manipulative limitations resulting from burns she sustained. On September 27, 2008, Claimant was a passenger in a motor vehicle and became involved in an accident. Claimant was diagnosed with a grade 2 liver laceration; left humerus fracture; C7, T1, T2, and L2 transverse process fractures; chemical burns to the bilateral upper extremities; and chemical burns to the right scalp. (Tr. 196). Claimant was evaluated by Dr. Lisa Mungul and on March 2, 2009, Dr. Mungul completed a Physical Residual Functional Capacity Assessment form on Claimant. Dr. Mungul found Claimant could occasionally and frequently lift/carry 10 pounds, sit for about 6 hours in an 8 hour workday, stand/walk about 6 hours in an 8 hour workday, and engage in unlimited pushing and pulling. In her narrative notes, Dr.

Mungul acknowledged that Claimant's current internist's examination showed decreased range of motion in the left hand and shoulder. She had hyper reflexia of the left upper extremity. Grip strength was severely diminished on the left as she was unable to grasp the examiner's hand through multiple attempts. Claimant was unable to oppose her fingers to her thumb on the left. She had markedly diminished range of motion at the proximal, mid and distal interphalangeal joints. The range of motion at the left elbow and shoulder joint were markedly diminished. Claimant had poor fine and gross motor movement of her left hand. (Tr. 313-14).

Claimant testified that she had difficulty with manipulation due to the burns on her hands, particularly on the left. (Tr. 70). She stated that she was unable to use the index finger on her left hand and she was unable to straighten her left middle finger. She had some tightness of the rights hand because of the skin graft, but did not have any significant difficulty writing or turning pages of a book with her right hand. The ALJ noted that Claimant stated she had difficulty gripping and handling with her left hand. (Tr. 70). The ALJ concluded that her testimony of limitation was "not inconsistent with the residual functional capacity determined by the undersigned herein." Id.

Typically, unskilled sedentary jobs require the good use of

7

both hands and the fingers for repetitive hand-finger actions. Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands would result in a significant erosion of the unskilled sedentary occupational base. Soc. Sec. R. 96-9p. The ALJ in this case did not fully assess the functional limitations imposed by the manipulative restrictions caused by Claimant's injuries.

Moreover, the ALJ did not adequately consider the restrictive findings of Dr. Mungul in her evaluation of Claimant's manipulative limitations. He also did not obtain the records from the internist to which Dr. Mungul refers in her RFC assessment form. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent,

available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361. The ALJ should have obtained the internist's medical records when their relevance and existence became apparent from the medical record.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do

so by recontacting your medical source; or

(5) There is an indication of a change in your condition that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

The ALJ should have ordered a consultative examination in order to ascertain the extent of Claimant's manipulative restrictions - especially if he was unable to obtain the internist's records. On remand, the ALJ shall comply with these directives.

## RFC Determination

Claimant suggests that the ALJ's finding that she could frequently handle and finger with her left extremity was not supported by the medical record. The ALJ's manipulative findings are inconsistent with the report of Dr. Mungul. This Court acknowledges the report of Dr. Luther Woodcock authored in February of 2010 wherein he found Claimant could perform light work. However, Dr. Woodcock appears to have ignored the manipulative limitations experienced by Claimant as a result of the burns and fracture to her left hand. (Tr. 654). On remand, the ALJ shall re-evaluate Claimant's manipulative restrictions in formulating his RFC.

## Step Five Determination

Clearly, the ALJ's hypothetical questioning of the vocational

expert was lacking since he did not adequately include the manipulative restrictions found by Dr. Mungul and to which Claimant testified. On remand, the ALJ shall rectify this deficiency.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE